UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ADDYS LAMB,<br><br>Plaintiff,<br><br>-v-<br><br>DAVID STEINER,<br><br>Defendant. | 24-CV-9441 (JMF)<br><br><u>MEMORANDUM OPINION AND ORDER</u> |

JESSE M. FURMAN, United States District Judge:

Plaintiff Addys Lamb, a longtime employee of the United States Postal Service (the "USPS") who filed this case *pro se* but is now represented by counsel, brings claims against the Postmaster General for age discrimination under the Age Discrimination in Employment Act of 1967 ("ADEA"), retaliation under Title VII of the Civil Rights Act of 1964 ("Title VII"), discrimination and retaliation under the New York State Human Rights Law ("NYSHRL"), and intentional infliction of emotional distress ("IIED"). ECF No. 32 ("Am. Compl."), at 1-2. Defendant now moves, pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure, to dismiss the Amended Complaint. ECF No. 37. For the reasons that follow, Defendant's motion is GRANTED, albeit with leave to amend in part.

**BACKGROUND**

The following facts are, unless otherwise noted, taken from the Amended Complaint and assumed to be true for purposes of this motion. *See*, *e.g.*, *LaFaro v. N.Y. Cardiothoracic Grp., PLLC*, 570 F.3d 471, 475 (2d Cir. 2009). Because Lamb was proceeding *pro se* when he filed the Amended Complaint, the Court construes it liberally. *See Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474-75 (2d Cir. 2006) (per curiam).

Lamb is an eighty-seven-year-old Black man who has worked for the USPS since approximately October 1984. Am. Compl. ¶¶ 3, 12, 16. During that time, he held several positions, including Regular Mail Handler, Group Leader, Mail Handler Equipment Operator, Mail Flow Controller, and Industrial Engineer. *Id.* ¶ 12. Lamb alleges that, on two separate occasions in March 2018, he applied for Field Sales Representative positions for which he was qualified, but the USPS did not interview or select him. *Id.* ¶¶ 20-22. Meanwhile, the USPS "considered for promotional opportunities other employee applicants . . . who [were] under the age of forty." *Id.* ¶ 26. He further alleges that, after recovering from a workplace injury, the USPS failed to restore him to his former position or an equivalent position and failed to restore annual and sick leave, benefits, retirement contributions, and union dues. *Id.* ¶¶ 19, 25.

Lamb also alleges that he participated in an Equal Employment Opportunity ("EEO") proceeding beginning in July 2019 and filed another EEO complaint on or about December 13, 2024. *Id.* ¶¶ 21, 23-24. He claims that the USPS thereafter retaliated against him, including by failing to promote him and failing to provide information about available positions. *Id.* ¶¶ 23-25. He further contends, albeit not in the Amended Complaint, that fourteen days after his December 2024 EEO filing, the USPS issued him a Letter of Warning regarding his attendance. *See* ECF No. 52 ("Pl.'s Mem."), at 16-17.

Lamb filed this action on December 11, 2024. After Defendant moved to dismiss the original Complaint, ECF Nos. 16-18, Lamb requested and received leave to amend, ECF No. 22-23, and filed the operative Amended Complaint on November 17, 2025. Thereafter, Lamb retained counsel, who submitted a memorandum opposing dismissal of the ADEA and Title VII claims, conceding that the NYSHRL and IIED claims should be dismissed, and requesting leave to file a Second Amended Complaint to, among other things, assert a claim under the

Rehabilitation Act of 1973 that Lamb had included in his original Complaint but omitted from the operative Amended Complaint. *See* Pl.'s Mem. 18-20.

**LEGAL STANDARDS**

In evaluating a motion under Rule 12(b)(6), the Court must accept all facts set forth in the complaint as true and draw all reasonable inferences in the plaintiff's favor. *See*, *e.g.*, *Burch v. Pioneer Credit Recovery, Inc.*, 551 F.3d 122, 124 (2d Cir. 2008) (per curiam). A claim will survive a Rule 12(b)(6) motion, however, only if the plaintiff alleges facts sufficient "to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A plaintiff must show "more than a sheer possibility that a defendant has acted unlawfully," *id.*, and may not rely on mere "labels and conclusions," *Twombly*, 550 U.S. at 555. If the plaintiff's pleadings "have not nudged [his or her] claims across the line from conceivable to plausible, [the] complaint must be dismissed." *Id.* at 570. Where, as here, a plaintiff brings claims of employment discrimination, however, "[t]he facts required by *Iqbal* to be alleged in the complaint need not give plausible support to the ultimate question of whether the adverse employment action was attributable to discrimination. They need only give plausible support to a minimal inference of discriminatory motivation." *Littlejohn v. City of New York*, 795 F.3d 297, 311 (2d Cir. 2015).

**DISCUSSION**

There is no need to discuss Lamb's NYSHRL and IIED claims, as he concedes that they should be dismissed for lack of subject-matter jurisdiction. *See* Pl.'s Mem. 18-19. Accordingly, the Court limits its discussion to Lamb's ADEA and Title VII claims.

"The ADEA prohibits discrimination in employment on the basis of age[.]" *D'Cunha v. Genovese/Eckerd Corp.*, 479 F.3d 193, 194 (2d Cir. 2007) (citing 29 U.S.C. §§ 623(a)(1), 631(a)). To state an ADEA claim, a plaintiff must plausibly allege (1) membership in the protected age group (i.e., forty or older), (2) qualifications for the job at issue, (3) an adverse employment action, and (4) that the adverse action occurred under circumstances giving rise to an inference of discrimination. *Id.* at 195. Here, there is no dispute that Lamb satisfies the first three prongs of the test. But his claim founders on the fourth, as the Amended Complaint includes no non-conclusory allegations supporting even "a minimal inference of discriminatory motivation." *Littlejohn*, 795 F.3d at 311. The closest Lamb comes is in alleging that the USPS denied him promotions while "consider[ing]" employees under the age of forty for "promotional opportunities." Am. Compl. ¶ 26. But the Amended Complaint does not allege that these comparators were actually given promotions. And in any event, absent allegations showing that the comparators were "similarly situated" to Lamb, it is not enough to merely assert that younger employees were promoted. *See, e.g.*, *Kalia v. City Univ. of New York*, No. 19-CV-6242 (JMF), 2020 WL 6875173, at *5 (S.D.N.Y. Nov. 23, 2020) (observing that, where a plaintiff relies on comparator evidence, it must be "plausible that a jury could ultimately determine that the comparators are similarly situated" and, thus, "well-pled facts showing that the plaintiff has been treated differently from others similarly situated remains an essential component of such a claim and conclusory allegations of selective treatment are insufficient" (internal quotation marks omitted)).[1] Thus, Lamb's ADEA claim must be and is DISMISSED.

---

[1] Lamb's allegations regarding the USPS's failure to restore him to the same or equivalent position after his workplace injury, *see* Am. Compl. ¶¶ 19, 25, add nothing to his ADEA claim, as they do not relate in any way to age.

Lamb's Title VII retaliation claim is also deficient. To state such a claim, a plaintiff must plausibly allege that (1) he engaged in protected activity; (2) the defendant was aware of that activity; (3) he was subjected to a retaliatory action, or a series of retaliatory actions, that were materially adverse; and (4) there was a causal connection between the protected activity and the materially adverse action or actions. *See Carr v. N.Y.C. Transit Auth.*, 76 F.4th 172, 180 (2d Cir. 2023). The Amended Complaint does not come close to satisfying this standard. It refers generally to Lamb's participation in EEO proceedings and to subsequent employment harms, but it does not plead non-conclusory facts supporting a causal connection between the two. Moreover, the 2019 activity described in the Amended Complaint appears to concern age discrimination, Am. Compl. ¶ 21, which is protected by the ADEA rather than Title VII, *see Shein v. New York City Dep't of Educ.*, No. 15-CV-4236 (DLC), 2016 WL 676458, at *7 (S.D.N.Y. Feb. 18, 2016) (observing that "[a]ge discrimination is not prohibited by Title VII, and therefore [the plaintiff] cannot allege retaliation under Title VII based on her complaints about possible age discrimination"). In his opposition, Lamb relies principally on the Letter of Warning that he allegedly received only fourteen days after his December 2024 EEO filing. *See* Pl.'s Mem. 16-17. But "courts have found that letters of warning issued by the USPS are not adverse employment actions." *Garafola v. Dejoy*, No. 17-CV-1827 (JMA) (JMW), 2022 WL 4642091, at *8 (E.D.N.Y. Sept. 30, 2022); *see Chang v. Safe Horizons*, 254 F. App'x 838, 839 (2d Cir. 2007) (summary order) ("[O]ral and written warnings do not amount to materially adverse conduct . . . [because] '[t]he application of the [employer's] disciplinary policies to [the employee], without more, does not constitute adverse employment action.'" (quoting *Joseph v.*

*Leavitt*, 465 F.3d 87, 91 (2d Cir. 2006))).[2] Thus, Lamb's Title VII retaliation claim fails as a matter of law as well.

That leaves the question of whether Lamb should be granted leave to amend. His lawyer requests such leave, both to revive a Rehabilitation Act claim that Lamb had alleged in his original Complaint but omitted from the Amended Complaint and to supplement the facts supporting the ADEA and Title VII claims. *See* Pl.'s Mem. 19-20. Defendant opposes the request in part on the ground of futility. *See* ECF No. 54 ("Def.'s Reply"), at 8-10. Defendant's arguments on that score are not without force, but the Court concludes that granting leave to amend would be in the interests of justice given that Lamb filed the Amended Complaint without the assistance of counsel and now has counsel. *See* FED. R. CIV. P. 15(a)(2) ("The court should freely give leave when justice so requires.") Moreover, in opposing Defendant's motion, counsel alleges facts beyond those alleged in the Amended Complaint and relies on documents in Lamb's possession, but neither incorporated in nor attached to the Amended Complaint. Given that, "it is possible that [Lamb] can plead additional facts to remedy the deficiencies identified in this opinion without prejudice to Defendant[]." *Lipow v. Net1 UEPS Techs., Inc.*, 131 F. Supp. 3d 144, 174 (S.D.N.Y. 2015). Accordingly, the Court grants Lamb leave to file a Second Amended Complaint, albeit only to reassert claims under the ADEA, Title VII, and the Rehabilitation Act, and only to the extent that such claims can be pleaded in good faith and consistent with Rule 11 of the Federal Rules of Civil Procedure.

---

[2] Lamb's reliance on the Letter of Warning suffers from another fatal flaw. Before bringing a Title VII claim, a plaintiff must first exhaust his administrative remedies. *See, e.g.*, *Hardaway v. Hartford Pub. Works Dep't*, 879 F.3d 486, 489 (2d Cir. 2018). Lamb commenced this action on December 11, 2024, two days *before* the EEO filing on which his current theory depends. It follows that Lamb could not have exhausted his claim that the USPS retaliated against him for the 2024 EEO filing before he brought this lawsuit.

## CONCLUSION

For the foregoing reasons, Defendant's motion to dismiss is GRANTED in its entirety, but Lamb is granted leave to amend. Lamb shall file any Second Amendment Complaint within **three weeks of the date of this Memorandum Opinion and Order**. Absent a Second Amended Complaint by that deadline, the Court will enter judgment in Defendant's favor.

The Clerk of Court is directed to terminate ECF No. 37 and to update the case caption consistent with this Memorandum Opinion and Order.

SO ORDERED.

Dated: August 11, 2026
New York, New York

JESSE M. FURMAN
United States District Judge